IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEFFERSON A. FRANCO, | ) | CV. NO.  10-00735 DAE-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FEDERAL NATIONAL | ) | |
| MORTGAGE ASSOCIATION; | ) | |
| BANK OF AMERICA N.A. AS | ) | |
| SUCCESSOR TO COUNTRYWIDE | ) | |
| HOME LOAN SERVICING, LP; | ) | |
| MERSCORP, INC.; MORTGAGE | ) | |
| ELECTRONIC REGISTRATION | ) | |
| SYSTEM, INC; MERSCORP, INC.; | ) | |
| and JOHN DOES 1-50, inclusive | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) GRANTING BAC, BOA, MERS' MOTION TO DISMISS
COMPLAINT; (2) GRANTING FNMA'S MOTION FOR JOINDER

On May 13, 2011, the Court heard BAC, BOA, and MERS' Motion to

Dismiss.  The Court also heard FNMA's Motion for Joinder.  James H. Fosbinder,

Esq., appeared at the hearing on behalf of Plaintiff Jefferson A. Franco

("Plaintiff"); Patricia J. McHenry, Esq., appeared at the hearing on behalf of

Defendants BAC Home Loans Servicing, LP ("BAC"), Bank of America ("BOA"),

and Mortgage Electronic Registration Systems, Inc., MersCorp, Inc. (collectively

"MERS"), and Federal National Mortgage Association ("FNMA").  After reviewing the motions and the supporting and opposing memoranda, the Court **GRANTS** the Motion to Dismiss (Doc. # 10) and Motion for Joinder (Doc. # 12).

BACKGROUND

On December 10, 2010, Plaintiff filed a complaint against Defendants Federal National Mortgage Association, Bank of America (as successor to Countrywide Home Loans), BAC Home Loan Servicing LP, Merscorp, Mortgage Electronic Registration System, Inc, and Does 1-50, alleging Plaintiff had been lured into a predatory mortgage loan.  ("Compl.," Doc # 1.)  In connection with these facts, Plaintiff asserts twenty separate causes of action:

- Count I:      Violations of the Sherman Antitrust Act.  (Compl. ¶¶ 83–89.)

- Count II:     Violations of the Hawaii Antitrust/Anti-Monopoly acts.  (Id. ¶¶ 90–93.)

- Count III:    Violations of the Real Estate Settlement Procedures Act ("RESPA").  (Id. ¶¶ 94–105.)

- Count IV:     Violations of the Home Ownership Equity Protection Act ("HOEPA").  (Id. ¶¶ 106–16.)

- Count V:    Violations of the Federal Truth in Lending Act
  ("TILA").  (Id. ¶¶ 117–21.)

- Count VI:    Fraudulent Misrepresentation.  (Id. ¶¶ 122–29.)

- Count VII:    Breach of Fiduciary duty .  (Id. ¶¶ 130–34.)

- Count VIII: Unjust Enrichment.  (Id. ¶¶ 136–41.)

- Count IX:    Civil Conspiracy .  (Id. ¶¶ 142–47.)

- Count X:    Complaint to Quiet Title.  (Id. ¶¶ 148–55.)

- Count XI:    Violation of Hawaii Bureau of Conveyance
  Regulations as a Mortgage Servicer.  (Id. ¶¶ 156–65.)

- Count XII:    Mistake.  (Id. ¶¶ 166–67.)

- Count XIII: Unconscionability.  (Id. ¶¶ 168–71.)

- Count XIV:  Unfair and Deceptive Acts or Practices ("UDAP").
  (Id. ¶¶ 172–82.)

- Count XV:   Failure to Act in Good Faith.  (Id. ¶¶ 183–87.)

- Count XVI:  Recoupment.  (Id. ¶¶ 188–89.)

- Count XVII: Negligent and/or Intentional Infliction of
  Emotional Distress.  (Id. ¶¶ 190–94.)

- Count XVII: Violation of Hawaii Revised Statutes Chapter 667.
  (Id. ¶¶ 195–98.)

- Count XIX: Violations of the Fair Debt Collection Practices Act.  (Id. ¶¶ 199–202.)

- Count XX:   Intentional or Negligent Failure to Warn of Defective Product.  (Id. ¶¶ 203–05.)

Plaintiff seeks statutory damages, actual damages, treble damages, punitive damages, injunctive relief, as well as recision, recoupment, reimbursement and/or indemnification from the court.

Plaintiff executed a promissory note for the principle amount of $280,000 on November 7, 2003.  ("Note").  (Id. ¶ 50.)  The Note was executed to finance the subject property at 22 Wilikona Place, Wailuku, Hawaii ("Property").  (Id. ¶ 49.)  Defendants required an appraisal of the Property as part of the loan application process which was paid for by Plaintiff.  (Id. at ¶ 53.)

Plaintiff alleges that Countrywide failed to provide them with proper documentation and disclosures that would have allowed Plaintiff to make a fully informed decision and thereby lured Plaintiff into accepting the Note that substantially increased the likelihood of Plaintiff defaulting.  (Id. at ¶¶ 54.)  Plaintiff alleges he was not given time to review the loan documents prior to closing and signing of the documents and was not given a signed and dated copy of the documents as required by law.  (Id. at ¶¶ 55–57.)  Plaintiff asserts that

Countrywide failed to provide him with various other documents as required by law under TILA and RESPA. (Id. at ¶¶ 64–71.) Plaintiff also alleges Defendant BAC transferred the Note and Mortgage improperly resulting in the lack of right and interest to foreclose on the Property, thus voiding the foreclosure and attempted sale of the Property at auction. (Id. at ¶¶ 80–81.)

On February 4, 2011, BAC, BOA, and MERS filed their Motion to Dismiss. ("Mot.," Doc. # 10.) The same day, FNMA filed their Motion for Joinder. (Doc. # 12.) On April 18, 2011, Plaintiff filed his Opposition. ("Opp'n," Doc. # 25.) On April 25, 2011, BAC, BOA, and MERS filed their Reply. ("Reply," Doc. # 26.)

STANDARD OF REVIEW

I.      Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir.

1984) (citation omitted). Allegations of fact in the complaint must be taken as true

and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd.

v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6)

motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

In providing grounds for relief, however, a plaintiff must do more than recite the

formulaic elements of a cause of action. See id. at 556–57; see also McGlinchy v.

Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations

without more are insufficient to defeat a motion to dismiss for failure to state a

claim.") (citation omitted). "The tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions," and

courts "are not bound to accept as true a legal conclusion couched as a factual

allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations

and citations omitted). Thus, "bare assertions amounting to nothing more than a

formulaic recitation of the elements" of a claim "are not entitled to an assumption

of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he

non-conclusory 'factual content,' and reasonable inferences from that content,

must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal

quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief.   See Twombly, 550 U.S. at 570.  A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief.  Id. at 586.  When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court."  Id. at 558 (citation omitted).  If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

II.     Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Under Ninth Circuit law, "Rule 9(b) requires particularized allegations of the circumstances constituting fraud."  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc), superseded on other grounds by 15 U.S.C. § 78u-4.

In their pleadings, plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement. Id. at 1548 (quoting Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)). "[T]he circumstances constituting the alleged fraud [must] 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Bly-Magee v. California, 236 F.3d 10104, 1019 (9th Cir. 2001)); see also Moore, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); Walling v. Beverly Enter., 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state

a claim.  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1107 (9th Cir. 2003).  In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) <u>overruled on other grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

DISCUSSION

For the reasons set forth below, the Court concludes that the Motion to Dismiss should be granted.

I.      <u>Conceded Claims</u>

Plaintiff concedes that Count III (RESPA violations), Count IV, (HOEPA violations), Count V (TILA violations), Count X (Quiet Title), Count XII (Mistake), and Count XIX (FDCPA violations) cannot survive Defendants' Motion to Dismiss as pleaded.  The Court therefore **GRANTS** Defendants' Motion to Dismiss with respect to these counts.

II.     <u>Counts I and II: Violations of Federal and State Antitrust Statutes</u>

In Count I, Plaintiff alleges a violation of the Clayton Antitrust Act. Specifically Plaintiff alleges that the conduct of Defendants "violates the Clayton Anti-Trust Act, 15 U.S.C. § 12 et. seq."  (FAC ¶ 84.)  The claim fails for multiple reasons.

First, nowhere does Plaintiff specify which provisions of the Clayton Act Defendants allegedly violated.  Plaintiff states only broadly that Defendants violated the act.  This is wholly insufficient to put Defendants on notice of what alleged wrong they were supposed to have committed.  <u>Twombly</u>, 550 U.S. at 555 (a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.")  This alone is sufficient reason to grant Defendants' Motion.

The Court also notes, however, that this Count, as pled, is barred by the statute of limitations.  All antitrust claims alleged pursuant to the Clayton Act must be brought within four years after the cause of action accrues.  15 U.S.C. § 15(b).  <u>Conmar Corp v. Mitsui & Co. (U.S.A.), Inc.</u>, 858 F.2d 499, 501 (9th Cir. 1988).  Plaintiff alleges that the violation occurred when he was "sold over-leveraged, highly inflated loans."  (FAC ¶ 86.)  This occurred in November of 2003.  (<u>Id.</u>)  Plaintiff did not file suit until 2010—well beyond the four year statute of limitations.  Plaintiff's claim is therefore time-barred.

In Opposition, Plaintiff concedes this point but alleges equitable tolling is applicable here because "Defendants [sic] anti-competitive acts were 1.) ongoing, constituting a 'continuing violation,' and 2.) have been intentionally concealed by Defendants."  (Opp'n at 15.)

As a general matter, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000); see also O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990))).

Plaintiff, however, has utterly failed to allege sufficient facts to sustain an equitable tolling argument. As a preliminary matter, where the basis of equitable tolling is fraudulent concealment, it must be pled with particularity per Rule 9(b) of the Federal Rules of Civil Procedure. 389 Orange St. Partners v. Arnold, 179 F.3d 656, 662 (9th Cir. 1999). Plaintiff has failed to describe in his Complaint the "who, what, when, where, and how of the misconduct" here at issue. Kearns, 567 F.3d at 1124. Further, the Court is not persuaded by Plaintiff's attempts to remedy this deficiency in its Opposition with a four page soliloquy. (Opp'n at 11–15.) Not only are these allegations entirely insufficient to satisfy the heightened pleading requirement of Rule 9, but a motion to dismiss focuses on the

sufficiency of a claim statement.  In other words, a court must limit its review to the face of the Complaint.  <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001) ("[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), 'review is limited to the complaint.'" (quoting <u>Cervantes v. City of San Diego</u>, 5 F.3d 1273, 1274 (9th Cir. 1993))); <u>see also</u> <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754 (9th Cir. 1994) ("Review is limited to the contents of the complaint.")  The Court, therefore **GRANTS** Defendants' Motion to Dismiss with respect to Count I.

The same problems that plagued Count I of the Complaint, also suffice to grant Defendants' Motion with respect to Count II.  In this count, Plaintiff incorporates his factual allegations with respect to Count I and alleges that the "conduct of Defendants as described . . . violates the Hawaii Anti-Trust Act, Hawaii Revised Statutes § 480-13, and the Hawaii Monopolization Act, Hawaii Revised Statutes § 480-9.  (Compl. ¶ 92.)  As with Clayton Antitrust violations, however, Hawaii law imposes a four-year statute of limitations on state antitrust violations.  Haw. Rev. Stat. § 480-24.  More than seven years have elapsed since Plaintiff signed the Note and Mortgage.  The Court, as above, finds that this count of the Complaint is time-barred.  Plaintiff's assertion that equitable tolling should apply fails for the same reasons as discussed above—specifically, Plaintiff has not

provided sufficient factual detail to support a claim of equitable tolling based on fraudulent concealment.  Accordingly the Court **GRANTS** Defendants' Motion with respect to Count II.

III.    Counts VI: Fraudulent Misrepresentation

        The Sixth Count alleges that "Defendants knowingly and intentionally concealed material information from Plaintiff which were required by federal statutes and regulations to be disclosed to the Plaintiffs [sic] both before and at the time of closing."  (FAC ¶ 123.)  Plaintiff contends that had he known of the falsity of Defendants' representations or known of the omissions of material fact, Plaintiff would not have entered into the transactions which are the subject of this loan.  (Id. ¶ 128.)  As a result of these alleged fraudulent misrepresentation, Plaintiff claims to be "entitled to recission [sic] of the subject Note and Mortgage, and damages in such amounts as shall be proven at the time of trial."  (Id. ¶ 129.)

        The Court finds that Plaintiff's allegations are insufficient to satisfy the more rigorous pleading requirements of Rule 9 that apply to allegations of fraud or mistake.  See Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake).  The claim must "be accompanied by the 'who, what, when, where, and how' of the misconduct charged."  Kearns v. Ford Motor Co., 567 F.3d 1120 (9th Cir. 2009) (internal

citation and quotations omitted).  A plaintiff "must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir. 1988).

With the exception of Paragraph 125, the allegations of misconduct related to this count are over broad and general in nature.  Specifically, Plaintiff's allegations do not distinguish between Defendants and do not detail what specific conduct resulted in the fraudulent misrepresentation sufficient to survive Iqbal-Twombly.  (See, e.g., Compl. ¶¶ 123, 124.)

Plaintiff seemingly attempts to shed some light on what conduct, specifically, he complains of in Paragraph 125 but still fails to satisfy the heightened pleading standard of Rule 9.  This paragraph states:

125.  The omissions of material fact and/or the material misrepresentation of material facts include but are not limited to, the following:
    (a)    Concealing the failure to follow usual and customary underwriting guidelines to qualify Plaintiff for a loan;
    (b)    Misrepresenting and/or concealing the true terms of the loan;
    (c)    Misrepresenting the ability to refinance the loan at a later date;
    (d)    Misrepresenting and/or concealing the true amount of interest Plaintiff would have to pay over the life of the loan;

(e)     Concealing that property values were declining and
        would likely continue to do so in the foreseeable future;

(f)     Concealing that Plaintiff would likely experience
        mortgage payment distress and had a high likelihood of
        defaulting on the Note;

(g)     Concealing any risks or warnings associated with the
        securitization of the Plaintiff's collateral (the Property);

(i)     Concealing that Defendants would wrongfully,
        improperly, and illegally report negative information as
        to the plaintiff to one of [sic] more credit reporting
        agencies, resulting in plaintiff having negative
        information on his credit reports and the lowering of his
        FICO scores such that they would not be able to qualify
        in the future to refinance the subject loan.

(Id. ¶ 125.)  Although voluminous, this paragraph remains insufficient.  Plaintiff

does not distinguish between or among Defendants.  Neither dates nor individuals

are specified, nor is there any factual support as to how any of these allegations

took place.  In sum, Plaintiff has simply failed to satisfy the "who, what, where,

when, and how" requirement of Rule 9(b).  Kearns, 567 F.3d at 1120.  The Court

therefore **GRANTS** Defendants' Motion with respect to Count VI.

IV.     Count VII: Breach of Fiduciary Duty

        Plaintiff alleges that Defendants owed and breached a fiduciary duty

in connection with their loan.  (See FAC ¶¶ 130–35.)  Defendants argue that they

owed Plaintiff no such duty.  (Mot. 14–16.)  Generally there exists no fiduciary

duty between borrowers and lenders.  Unless a special relationship exists between

a borrower and lender that elevates the lender's responsibility, the standard "arms-length business relationship" applies.  <u>Giles v. General Motors Acceptance Corp.</u>, 494 F.3d 865, 883 (9th Cir. 2007); <u>see also</u> <u>Pension Trust Fund for Operation Engineers v. Federal Ins. Co.</u>, 307 F.3d 944, 954 (9th Cir. 2002).

In the instant Complaint, Plaintiff makes no allegations suggesting that his relationship to Defendants is anything other than an ordinary, arms-length, lender-borrower relationship.  Simply stating that Defendants owed a fiduciary duty to Plaintiff and that Defendants breached that duty is insufficient to establish the existence of a fiduciary duty.  Thus Plaintiff's unsubstantiated assertions in Count VIII are meritless.  <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949.  The Court therefore **GRANTS** Defendants' Motion to Dismiss with respect to Count VIII.

V.      <u>Count VIII: Unjust Enrichment</u>

Plaintiff next alleges that he is entitled to unjust enrichment.  Plaintiff specifically claims "Defendants have been unjustly enriched at the expense of the Plaintiff and maintenance of the enrichment would be contrary to the rules and principles of equity."  (TAC ¶ 139.)

To prevail on an unjust enrichment claim, a plaintiff must show that: 1) it has conferred a benefit upon the defendant, and 2) that the retention of the

benefit was unjust.  <u>Wadsworth v. KSL Grant Wailea Resort, Inc.</u>, --- F. Supp. 2d ---, No. 08-00527, 2010 WL 5146521, at *11 (D. Haw. December 10, 2010).

As a general rule, "[a]n action for unjust enrichment cannot lie in the face of an express contract."  <u>Porter v. Hu</u>, 169 P.3d 994 (Haw. App. 2007); <u>see also</u> <u>Goodwin v. Executive Trustee Servs., LLC</u>, 680 F. Supp. 2d 1244, 1255 (D. Nev. 2010) ("An action 'based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement.'" (quoting <u>Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975</u>, 942 P.2d 182, 187 (Nev. 1997)));  <u>MacDonald v. Hayner</u>, 715 P.2d 519, 522 (Wash. App. 1986) ("A party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract relating  to the same matter, in contravention of the express contract.")  Here, both the Note and the Mortgage were express agreements that Plaintiff executed in connection with their loan which govern the parties rights and obligations.  Plaintiff cannot, therefore, pursue this claim as alleged.[1]  Accordingly the Court **GRANTS** Defendants' Motion to Dismiss Count VIII.

---

[1] Indeed, in their entire Opposition, Plaintiff makes no argument with respect to this Count.

VI.  Count XI: Violation of Hawaii Bureau of Conveyance Regulations as a Mortgage Servicer

Plaintiff's theory of liability here is that Defendants have violated

Hawaii Revised Statute § 454M[2] by failing to register with the State of Hawaii and

---

[2] Hawaii Revised Statute 454M-6 provides:

It shall be unlawful for any mortgage servicer in the course of any mortgage loan transaction:

(1) To misrepresent or conceal material facts, to make false promises, or to pursue a course of misrepresentation through its agents or otherwise;

(2) To engage in any transaction, practice, or course of business that is not in good faith, does not constitute fair dealing, or that constitutes a fraud upon any person, in connection with the servicing, purchase, or sale of any mortgage loan;

(3) To fail to comply with the mortgage loan servicing transfer, escrow account administration, or borrower inquiry response requirements imposed by sections 6 and 10 of the Real Estate Settlement Procedures Act, 12 United States Code sections 2605 and 2609, and regulations adopted thereunder by the Secretary of Housing and Urban Development; or

(4) To fail to comply with applicable federal laws and regulations related to mortgage servicing.

Haw. Rev. Stat. § 454M-6.  The statute also provides:

Nothing in this chapter shall be construed to preclude any individual or entity that suffers loss as a result of a violation of this chapter from maintaining a civil action to recover damages and, as provided by

(continued...)

failing to have been issued a license. (Compl. ¶ 157.) Plaintiff also alleges that Defendants violated Haw. Admin. R. ch. 16-178[3] by failing to file a special mortgage recording fee. (Id. ¶ 158.)

The problem with this allegation is that neither provision was in effect at the time of the alleged misconduct. Haw. Rev. Stat. § 454M went into effect on July 10, 2010, and is explicitly not retroactive. See 2009 Haw. Sess. Laws. 106 §§ 2, 3. Plaintiff's allegations relate to the execution of the Mortgage in November 2003 and a foreclosure sale alleged to have happened on March 25, 2010. Therefore, Plaintiff plainly cannot rely on Haw. Rev. Stat § 454M as a basis for this claim. As for Chapter 16-178 of the Hawaii Administrative Rules, it has not been in effect since July 1, 2001. See 2001 Haw. Sess. Laws 153 § 4 ("The special mortgage recording fee established under section 431P-16 Hawaii Revised Statutes, shall be suspended as of July 1, 2001, and shall remain suspended until reactivated by the Hawaii hurricane relief fund's board of directors.") Further, this

---

[2](...continued)
statute, attorney's fees.

Id. § 454M-6.

[3] This Administrative Rule provides that a special fee must be "submitted to the bureau of conveyances at the time of recondition of a mortgage or an amendment to a mortgage." Haw. Admin. R. 16-178-4.

administrative rule contains no private right of action no does it suggest that any right was intended. Indeed its underlying enabling statutes, Haw. Rev. Stat.§§ 431P-5, 431P-16 state that the Hawaii Hurricane Relief Fund has the power to enforce the regulation through fines and lawsuits. Thus, even if applicable, Plaintiff could not sue to enforce it. See Reliable Collection Agency, Ltd. v. Cole, 584 P.2d 107, 109–112 (Haw. 1978) (finding no private right of action to enforce a statute when statute provided for enforcement by government agency and contained no suggestion that private citizens could sue to enforce the statute); see also Whitey's Boat Cruises, Inc. v. Napalm-Kauai Boat Charters, Inc., 132 P.3d 1213, 1224 (Haw. 2006) (finding no private right of action to sue competitor for violation of regulatory infractions because the "regulations were not promulgated with the objective of protecting business interests or competition"). The Court therefore **GRANTS** Defendants' Motion to Dismiss.[4] Further, the Court finds that no amendment could save this count of the complaint because neither the statute nor administrative rule was in effect at the time of the alleged misconduct. Count XI of the Complaint is therefore **DISMISSED**.

---

[4] Plaintiff proffers no argument on this point in his Opposition.

VII.   Count XIII: Unconscionability

Count XIII asserts that "the terms and conditions of the Note and Mortgage are unconscionable, and Plaintiff is entitled to rescission, damages, repayment, reimbursement or indemnification of all monies that were paid and other claims in such amounts as shall be proven at the time of trial.  (FAC ¶ 171.)

"Unconscionability" is generally a defense to the enforcement of a contract, and is not a proper claim for affirmative relief.  See, e.g., Carey v. Lincoln Loan Co., 125 P.3d 814, 829 (Or. App. 2005) ("[Unconscionability is not a basis for a separate claim for relief.")  To the extent that unconscionability can be addressed affirmatively as a part of a distinct cause of action, such a claim exists where "the clauses are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract . . . ."  Laws v. Legin, 748 P.2d 1362, 1366 (Haw. 1988) (emphasis added and citations omitted).

Here, Plaintiff's allegations fail to address any contract terms between Plaintiff and Defendants, and instead, addresses Defendants' alleged conduct generally. These allegations do not speak to any unconscionable terms in the contract, nor are they limited to behavior that affected the circumstances under which the contract was made.  For this reason, Plaintiff's contentions in Count XIII

fail to state a claim for unconscionability. Accordingly the Court **GRANTS**

Defendants' Motion to Dismiss with respect to Count XIII.

VIII.  Count XIV: Unfair and Deceptive Acts or Practices Violations

Plaintiff claims that Defendants engaged in unfair or deceptive acts

and practices ("UDAP") in violation of HRS §§ 480-2(a) and 481A-3. (FAC

¶¶ 172–182.)

Hawaii Revised Statute section 480-2(a) provides that "[u]nfair

methods of competition and unfair or deceptive acts or practices in the conduct of

any trade or commerce are unlawful." Haw. Rev. Stat. § 480-2(a). "Two distinct

causes of action have emerged under [section] 480-2(a): (1) claims alleging unfair

methods of competition; and (2) claims alleging unfair or deceptive acts or

practices."[5] Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc., 148 P.3d 1179,

1207 (Haw. 2006); see also Star Markets, Ltd. v. Texaco, Inc., 945 F. Supp. 1344,

---

[5] Although "[a]ny person" may bring an action for unfair methods of competition in violation of section 480-2, only consumers, the attorney general, or the director of the office of consumer protection may bring an action for unfair or deceptive acts or practices in violation of section 480-2. Haw. Rev. Stat. § 480-2(d), (e); see also Davis v. Four Seasons Hotel, Ltd., 228 P.3d 303, 307 (Haw. 2010). A "consumer" is a "natural person who, primarily for personal, family, or household purposes, purchases, attempts to purchase, or is solicited to purchase goods or services or who commits money, property, or services in a personal investment." Haw. Rev. Stat. § 480-1.

1346 (D. Haw. 1996). HRS § 481A-3 similarly prohibits "deceptive trade practice]."

Plaintiff contends that Defendants violated these statutes by: (1) targeting financially unsophisticated and otherwise vulnerable consumers for inappropriate credit products; (2) failing to adequately disclose the true costs and risks of the subject loan and its inappropriateness for Plaintiff; (3) failing to disclose that lender approved the subject loan based on financial documents required by Defendants such as tax returns and pay stubs; (4) falsely representing or failing to fully and completely disclose the amounts Plaintiff had to pay; (5) issuing a defective mortgage loan; and (6) entering into the public record a materially false document. (FAC ¶ 145.)

Plaintiff has again failed to allege sufficiently this count of the Complaint. Plaintiff has alleged no facts which suggest that any of the Defendants were targeting financially unsophisticated or otherwise vulnerable consumers. Nor has Plaintiff proffered facts with respect to Defendants' failure to adequately disclose "the true costs and risks of the subject loan."[6] There are no factual

---

[6] Indeed, it is unclear to this court what Plaintiff means by "true costs and risks" of the subject loan.

23

allegations which suggest that the lender failed to disclose that it approved loans based on certain documents.

Plaintiff's allegation that Defendants falsely represented or failed to fully and completely disclose the amount Plaintiff was required to pay is also insufficient. This is a fraudulent allegation, and Plaintiff has again failed to satisfy the "who, what, where, when, and how" requirement of Rule 9(b). <u>Kearns</u>, 567 F.3d at 1120.

As to the final two assertions, there is no factual support for the premise that Defendants created a defective mortgage loan or loans that resulted in little net economic benefit to Plaintiff,[7] or that a materially false document purporting to convey an interest was recorded.

In sum, there is simply no factual premise or basis alleged in the complaint that supports Plaintiff's UDAP claim. Plaintiff has utterly failed to allege facts that could give rise to this cause of action. <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949 ("[A Complaint] demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."); <u>Twombly</u>, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative

---

[7] Indeed, this seems a particularly preposterous assertion as Plaintiff received a <u>house</u> in exchange for signing the Note and Mortgage.

level.").  The Court therefore **GRANTS** Defendants' Motion to Dismiss with

Respect to Count XIV.

IX.    Count XV: Good Faith Violation

Count XV alleges Defendants failed to act in good faith.  Specifically

the complaint states that "Defendants owed a Plaintiff a fiduciary duty to deal with

them in good faith and in a fair manner."  (Compl. ¶ 184.)  The allegation

continues:

> 185.  Defendants failed to deal with Plaintiff in good faith and in a fair
> manner by making various misrepresentations of material fact and/or
> omissions of material fact, not making the mandatory federal law
> disclosures, not providing loan relief and/or modification of loan
> terms so Plaintiff could maintain his interest in the Property . . . .

(Id. ¶ 185.)

In Hawaii, commercial contracts are subject to a statutory duty to

perform in good faith.  Haw. Rev. Stat. § 490:1–304.  Further, Hawaii law

recognizes that "every contract contains an implied covenant of good faith and fair

dealing that neither party will do anything that will deprive the other of the benefits

of the agreement."  Best Place, Inc. v. Penn Am. Ins. Co., 920 P.2d 334, 337–38

(Haw. 1996) (citations omitted).

Plaintiff here again runs afoul of Twombly-Iqbal.  Plaintiff has not

alleged what specific representation were made or what actions were taken by

Defendants in the performance of a contract that breached the covenant of good faith and fair dealing. Plaintiff instead relies upon the same threadbare recitals to insist that Defendants breached a duty to act in good faith. The Court is not persuaded. See Iqbal, 129 S. Ct. at 1949 ("[A Complaint] demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Accordingly, the Court **GRANTS** the Motion to Dismiss with respect to Count XV.

X.     Count XVI: Recoupment

Count XVI purports to bring a claim for recoupment. (Compl. ¶¶ 188–89.) Plaintiff alleges that "[a]n a result of the various wrongful acts and/or omissions made by defendant or one or more them, [Plaintiff] is entitled to equitable recoupment of all monies paid by them with regard to the subject loan transaction . . . ." (Id.)

As with Plaintiff's other claims, this allegation is wholly conclusory and provides no factual basis for why Plaintiff is entitled to recoupment from Defendants. The court further notes that it is unclear on what basis Plaintiff asserts this claim—TILA makes recoupment available only as a "defense" in an "action to

collect a debt," 15 U.S.C. § 1640(e), and some courts have held that to support a

recoupment claim, a plaintiff must show that "(1) the TILA violation and the debt

are products of the same transaction, (2) the debtor asserts the claim as a defense,

and (3) the main action is timely." Moor v. Travelers Ins. Co., 784 F.2d 632, 634

(5th Cir. 1986) (internal citations omitted); see also Agustin v. PNC Fin. Servs.

Group, 707 F. Supp. 2d 1080, 1087 n.2 (Apr. 15, 2010). This is not an action to

collect a debt and therefore this theory is not tenable. The Court therefore

**GRANTS** Defendants' Motion to Dismiss with respect to Count XVI. To the

extent Plaintiff argues he is entitled to TILA Recoupment, this count of the

Complaint is **DISMISSED.**

XI.    Count XVII: Negligent Infliction of Emotional Distress and Intentional
Infliction of Emotional Distress

Count XVII of the Complaint alleges claims for negligent infliction of

emotional distress ("NIED") "and/or" intentional infliction of emotional distress

("IIED"). (Compl. ¶¶ 190–94.)

A.    Negligent Infliction of Emotional Distress

A plaintiff may recover for NIED "where a reasonable

[person], normally constituted, would be unable to adequately cope with the

mental stress engendered by the circumstances of the case." Doe Parents No. 1 v.

State, 58 P.3d 545, 580 (Haw. 2002) (citations and quotations omitted).  An NIED claim "is nothing more than a negligence claim in which the alleged actual injury is wholly psychic and is analyzed utilizing ordinary negligence principles."  Id. (citations and quotations omitted).  To maintain a NIED claim, the Hawaii Supreme Court has held that a person must allege "some predicate injury either to property or to another person in order himself or herself to recover for negligently inflicted emotional distress."  Id. at 580 (citations omitted); see also Kaho'ohanohano v. Dep't of Human Servs., 178 P.3d 538, 582–83 (Haw. 2008).  As such, "an NIED claimant must establish, incident to his or her burden of proving actual injury (i.e., the fourth element of a generic negligence claim), that someone was physically injured by the defendant's conduct, be it the plaintiff himself or herself or someone else."  Doe Parents, 58 P.3d at 580–81 (citations omitted).

Here, Plaintiff has not alleged a predicate injury or threat of immediate injury either to themselves or to someone else.  Rather, Plaintiff supports his NIED claim by providing a formulaic recitation of the elements of a negligence cause of action, which are entitled to no weight on a motion to dismiss. See Iqbal, 129 S. Ct. at 1949.  Plaintiff also asserts the following:

Defendants breached their duties by causing Plaintiffs to suffer severe mental and emotional distress, by misleading them by entering into a loan they were not properly qualified for, in causing them to lose her [sic] savings, by giving them false hope they would qualify for a refinance and/or loan modification, and/or that they would be given loan assistance on reasonable terms that would allow Plaintiff the right to keep his home, and whereby Plaintiff have been unable to sleep eat, or carry on normal marital relations due to the stress caused by Defendants.

(Compl. ¶ 192.) It is unclear whether Plaintiff intended for these allegations to support the NIED claim, the IIED claim, or both. Even assuming the truth of these facts, Plaintiff's NIED claim still fails because they have not alleged existence of a predicate physical injury.

Accordingly, the Court **GRANTS** the Motion to Dismiss as to Plaintiff's claim for negligent infliction of emotional distress.[8]

B.      Intentional Infliction of Emotional Distress

"Under Hawaii law, the elements of IIED are '(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another.'" Enoka v. AIG Haw. Ins. Co., 128 P.3d 850, 872 (Haw. 2006) (quoting Hac v. Univ. of Haw., 73 P.3d 46, 60–61 (Haw. 2003)). The Hawaii Supreme Court defines the term outrageous as conduct "'without just cause or excuse and beyond

_____

[8] Plaintiff does not proffer argument on this part of Count XVII

all bounds of decency.'" Enoka, 128 P.3d at 872 (quoting Lee v. Aiu, 936 P.2d

655, 670 n.12 (Haw. 1997)). "Moreover, 'extreme emotional distress' constitutes,

inter alia, mental suffering, mental anguish, nervous shock, and other 'highly

unpleasant mental reactions.'" Id. (quoting Hac, 73 P.3d at 60).

        Plaintiff fails to allege any facts to support an inference that

Defendants acted in an intentional or reckless manner or that they engaged in

outrageous conduct. Further, Plaintiff's allegation that he suffered "lost sleep,

constant worry and grief," without more cannot withstand a motion to dismiss.

Bogard v. Emp'rs Cas. Co., 164 Cal. App. 3d 602, 617 (Cal. App. 1985) ("Severe

emotional distress means . . . emotional distress of such substantial quantity or

enduring quality that no reasonable man in a civilized society should be expected

to endure it.") Given that foreclosures happen regularly and that Plaintiff's

reaction to the foreclosure is typical of any individual who has had their house

foreclosed, reasonable men and women in civilization are often expected to endure

these hardships and the anxiety that follows. Indeed, as the Restatement Second of

Torts, section 46, comment j, explains: "Complete emotional tranquility is seldom

attainable in this world, and some degree of transient . . . emotional distress is a

part of the price of living among people." Without more, the Court simply cannot

conclude that the hardship alleged by Plaintiff rises to the level of Extreme Emotional Distress.

Accordingly, the Court **GRANTS** the Motion to Dismiss as to Plaintiff's claim for intentional infliction of emotional distress.

XII.   Count XVIII: Violation of Hawaii Revised Statues Chapter 667

Plaintiff's claim here must fail as well.  In support of this claim, Plaintiff first lays out the statutory prohibitions established by Haw. Rev. Stat. ch. 667.[9]  (Compl. ¶ 196.)  Plaintiff then states "Based on information and belief" the

---

[9] The statute provides:

a) When a power of sale is contained in a mortgage, and where the mortgagee, the mortgagee's successor in interest, or any person authorized by the power to act in the premises, desires to foreclose under power of sale upon breach of a condition of the mortgage, the mortgagee, successor, or person shall be represented by an attorney who is licensed to practice law in the State and is physically located in the State. The attorney shall:

(1) Give notice of the mortgagee's, successor's, or person's intention to foreclose the mortgage and of the sale of the mortgaged property, by publication of the notice once in each of three successive weeks (three publications), the last publication to be not less than fourteen days before the day of sale, in a newspaper having a general circulation in the county in which the mortgaged property lies; and

(2) Give any notices and do all acts as are authorized or required by the power contained in the mortgage.

(continued...)

Defendants did exactly what the statute prohibits without <u>any</u> factual context.  (<u>Id.</u> ¶ 196.)  As a result, according to Plaintiff "the foreclosure under power of sale is invalid" and Plaintiff is entitled to remedies.  (<u>Id.</u> ¶ 197.)  This is a textbook definition of a threadbare recital of the elements of a cause of action and cannot survive a motion to dismiss.  <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")  The Court therefore **GRANTS** Defendants' Motion to Dismiss with respect to Count XVIII.[10]

XIII.   <u>Count XX: Intentional or Negligent Failure to Warn of Defective Product</u>

Plaintiff next alleges, in three paragraphs, that Defendants "intentionally or negligently failed to warn Plaintiff of the risks associated with their loan products, which at all times relevant herein where known to be defective and/or high-risk products."  (Compl. ¶ 204.)

Without commenting on the propriety of using a "failure to warn" theory wrenched from the products liability context in the instant case, the Court notes that the statute of limitations for products liability actions is two years.  <u>See</u>

_____

[9](...continued)

Haw. Rev. Stat. § 667-5.

[10] Plaintiff proffers no argument on this Count in his Opposition.

Haw. Rev. Stat. § 657-7; <u>see also</u> <u>In re Haw. Fed. Asbestos Cases</u>, 854 F. Supp. 702, 706 (D. Haw. 1994).  More than seven years have elapsed since Plaintiff was "enticed into purchasing . . . a defective product."  The claim is therefore time-barred.  Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss with respect to Count XX.

XIV.  <u>Claim IX: Civil Conspiracy</u>

Count IX alleges a civil conspiracy.  Specifically, Plaintiff alleges that "Defendants BAC . . . MERS . . . and the DOE Defendants agreed between and among themselves to engage in the conspiracy to defraud for the common purpose of accruing economic gains for themselves at the expense of and detriment to the Plaintiff."  (FAC ¶ 121.)

This Count is dismissed because Hawaii does not recognize an independent causes of action for "civil conspiracy"—such theories of potential liability are derivative of other wrongs.[11]  <u>See, e.g.</u>, <u>Weinberg v. Mauch</u>, 890 P.2d 277, 286 (Haw. 1995); <u>Chung v. McCabe Hamilton & Renny Co.</u>, 128 P.3d 833, 843 (Haw. 2006).  Yet, as explained above, Plaintiff has failed to allege an underlying tort.  Further, to the extent that this count is premised at least in part on fraud, Plaintiff must meet the heightened pleading requirements of Rule 9(b) in

---

[11] In Opposition, Plaintiff acknowledges this and request leave to amend.

33

alleging a conspiracy.  See Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where the object of the conspiracy is fraudulent." (citation and internal quotations omitted)). Plaintiff has failed to do so.

The Court therefore GRANTS Defendants' Motion to Dismiss with respect to Count IX.

X.     Leave to Amend

The Court recognizes that it may be possible for Plaintiff to state a claim if provided the opportunity to amend their Complaint.  Excepting the findings supra with respect to Counts XI and XVI, the Complaint is therefore **DISMISSED WITHOUT PREJUDICE** as against all Defendants in this action with leave to amend no later than thirty (30) days from the filing of this Order. Failure to do so and to cure the pleading deficiencies will result in dismissal of this action with prejudice.  Plaintiff is advised that the amended complaint must clearly state how each of the named defendants have injured them, and it must also clearly identify the statutory provisions under which Plaintiff's claims are brought consistent with this Order.  In granting leave to amend the Court does not here limit Plaintiff's amended pleading only to the causes of action presently contained in the Complaint—Plaintiff may allege new theories of liability if he so chooses.

34

CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion to

Dismiss (Doc. # 10) and Motion for Joinder (Doc. # 12).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 13, 2011.



_____
David Alan Ezra
United States District Judge

Franco v. Federal National Mortgage Association, et. al, Cv. No. 10-00735 DAE-KSC; ORDER: (1) GRANTING BAC, BOA, MERS' MOTION TO DISMISS COMPLAINT; (2) GRANTING FNMA'S MOTION FOR JOINDER

35